Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/23/2018 12:11 AM CST

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, relator, v.
GILBERT G. LUNDSTROM, respondent.
___ N.W.2d ___

Filed November 2, 2018.    No. S-18-872.

Original action. Judgment of disbarment.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Gilbert G. Lundstrom, on September 13, 2018. The court accepts respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on June 16, 1969. His license is currently inactive. On September 13, 2018, respondent filed a voluntary surrender of license to practice law, in which he stated that he had been convicted in the U.S. District Court for the District of Nebraska of 12 different criminal counts of fraud-related felony charges. According to his voluntary surrender, respondent was sentenced to 132 months' imprisonment and ordered to pay restitution. Respondent indicates that the Counsel for Discipline could seek disciplinary action against his license

- 486 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. LUNDSTROM
Cite as 301 Neb. 485

for this violation. In his voluntary surrender, respondent states that he freely, knowingly, and voluntarily surrenders his privilege to practice law in the State of Nebraska; waives his right to notice, appearance, or hearing prior to the entry of an order of disbarment; and consents to the entry of an immediate order of disbarment. The Counsel for Discipline, being aware of respondent's federal case, has not objected to the voluntary surrender.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations that could be made against him in connection with his fraud-related convictions. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the suggested allegations being made against him. The court accepts

- 487 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. LUNDSTROM
Cite as 301 Neb. 485

respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.